**ROOT, Plaintiff-Appellant, v. O'BRIEN MILLING COMPANY et, Defendants-Appellees.**

Ohio Appeals, Second District, Darke County.

No. 715. Decided December 10, 1953.

Jesse K. Brumbaugh, Greenville, and Landis, Ferguson, Bieser & Greer, Dayton, By Mr. Warren A. Ferguson, Of Counsel, for plaintiff-appellant.

Spidel, Staley & Hole, Greenville, By Mr. Wilbur Spidel, Of Counsel, for defendant-appellee, The O'Brien Milling Company.

Howard G. Eley, Greenville, and Pickrel, Schaeffer & Ebeling, Dayton, by Mr. H. Thomas Haacke, Jr., Of Counsel, for defendant-appellee, Helen Flory.

## OPINION

By THE COURT:

This is a law appeal from the judgment of the Common Pleas Court granted in favor of each of the defendants upon motions for instructed verdicts duly made at the close of plaintiff's case in chief. The action is one for damages arising out of the collision between two automobiles and a truck at the intersection of Pine Street and Harrison Avenue in Greenville, Ohio.

The defendant, Helen Flory, was charged with four specifications of negligence, to-wit:

1. That she operated her automobile at a speed that was greater than was reasonable and proper under the conditions then existing, to-wit: 35 miles per hour.

2. That she failed to keep a lookout so as to be able to avoid the collision.

3. That she operated her automobile to the left of the center of Pine Street.

4. That she failed to have sufficient headlights on her automobile to disclose a person or substantial object on the highway at a distance of 500 feet.

The defendant, O'Brien Milling Company, is charged with the same acts of negligence as specified above in items 1, 2 and 4. It is further charged with failure to have its truck under control so as to bring the same to a stop and thereby avoid the injury to the plaintiff.

The record discloses that Pine Street runs in a general east and west direction and carries traffic flowing over the following highways: U. S. No. 127, U. S. No. 36, Ohio No. 49 and Ohio No. 121. Harrison Avenue runs in a north and south direction and had a stop sign applicable to vehicles approaching Pine Street. At the time of the collision the plaintiff was a passenger in the right rear seat of a car being driven by her husband and two other parties were also passengers in this automobile. The Root car was proceeding north on Harrison Avenue, the Helen Flory car was proceeding eastwardly on Pine Steet and the truck of the defendant, The O'Brien Milling Company was proceeding in a westerly direction on Pine Street at the time of the collision. When the evidence is reviewed in its most favorable light towards plaintiff we find it reveals that at the time of the collision there was a downpouring rain which made visibility very poor; in fact, so bad that one could scarcely see through the windshield when the wiper was in operation; that the plaintiff's automobile stopped at the intersection and then proceeded across Pine Street; that when the defendant's front wheels had crossed the center of Pine Street it was struck at or about the middle of its left side by the automobile driven by the defendant, Helen Flory; that only a few seconds later the plaintiff's automobile was struck by the truck owned by The O'Brien Milling Company, which was coming from the opposite direction on Pine Street and struck the plaintiff's automobile on its right side, which was crushed in and badly bent.

There was no evidence as to the speed of the defendants' vehicles, but the evidence does disclose that both were lighted and seen by several witnesses before the collision, and were proceeding on their right side of the street. A witness in the front seat of the plaintiff's car testified that as it approached the center of Pine Street he looked to the left and saw the Flory automobile approaching and it was about 30 or 40 feet away. He also testified that the visibility was such that a light could be seen at a distance of approximately 150 feet.

The appellant urges that upon giving consideration to the driving conditions and the damages done to the automobile in which the plaintiff was a passenger, the jury might reasonably infer that both of the defendants were operating their vehicles at a speed that was greater than was reasonable and proper. In order that a case may be submitted to a jury there

must be some evidence in a substantial form from which a reasonable mind can draw a logical deduction. **Hamden Lodge v. Gas Co., 127 Oh St 469.** We do not think the evidence offered on behalf of the plaintiff meets this requirement. It should be noted that negligence is never presumed and the mere fact that an injury has been sustained does not give rise to a presumption or inference of negligence. **29 O. Jur. 622.** The presumption always attends that ordinary care was exercised and such presumption must prevail until overcome by proof. **29 O. Jur. 625.**

We find no evidence in the record which sustains any of the acts of negligence charged in the petition, and the judgment will be affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.